Our Lady of Guadalupe Home Found., Inc. v. Massucco, No. 203-3-09 Rdcv (Cohen, J., Mar. 24, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

**STATE OF VERMONT**
**RUTLAND COUNTY**

|  |  |  |
|---|---|---|
| | ) | |
| **OUR LADY OF GUADALUPE** | ) | **Rutland Superior Court** |
| **HOME FOUNDATION, INC.,** | ) | **Docket No. 203-3-09 Rdcv** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **L. RAYMOND MASSUCCO,** | ) | |
| | ) | |
| **Defendant** | ) | |

**DECISION ON DEFENDANT'S MOTION FOR**
**SUMMARY JUDGMENT, FILED AUGUST 28, 2009**

This is a legal malpractice action arising out of attorney L. Raymond Massucco's representation of Our Lady of Guadalupe Home Foundation, Inc. in a foreclosure. In moving for summary judgment, defendant Massucco argues that plaintiff Guadalupe lacks standing because Plaintiff failed to disclose the legal malpractice claim in its bankruptcy schedule of assets. Plaintiff Our Lady of Guadalupe is represented by A Jeffry Taylor, Esq. Defendant L. Raymond Massucco is represented by S. Stacy Chapman, III, Esq.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. V.R.C.P. 56(c)(3). In response to an appropriate motion, judgment must be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, ... show that there is no genuine issue as to any material fact and that any party is entitled to judgment

as a matter of law." V.R.C.P. 56(c)(3). In determining whether a genuine issue of material fact exists, the court accepts as true allegations made in opposition to the motion for summary judgment, provided they are supported by evidentiary material. *Robertson v. Mylan Labs*, *Inc.,* 2004 VT 15, ¶ 15, 176 Vt. 356. The nonmoving party then receives the benefit of all reasonable doubts and inferences arising from those facts. *Woolaver v. State*, 2003 VT 71, ¶ 2, 175 Vt. 397. Furthermore, where, as here, "the moving party does not bear the burden of persuasion at trial, it may satisfy its burden of production by showing the court that there is an absence of evidence in the record to support the nonmoving party's case. The burden then shifts to the nonmoving party to persuade the court that there is a triable issue of fact." *Ross v. Times Mirror, Inc.,* 164 Vt. 13, 18 (1995) (internal citations omitted).

## BACKGROUND

Attorney L. Raymond Massucco served as the attorney for Our Lady of Guadalupe Home Foundation, Inc. in a foreclosure action brought by Robert and Kristena Kobelia. Massucco was also the registered agent for Guadalupe at the time the foreclosure action was served. He did not file an answer in the foreclosure action and ultimately a default judgment was entered against Guadalupe.

The Judgment Order and Decree of Foreclosure was entered on September 22, 2003, and provided Guadalupe with a redemption date of November 6. Guadalupe filed for protection under Chapter 11 of the Bankruptcy Code on November 5. It did not schedule this cause of action against Massucco in its bankruptcy petition schedule of assets.

A settlement agreement was reached with respect to a Motion for Relief from Stay which provided that the bankruptcy would be dismissed. Guadalupe filed a Motion to Dismiss with the United States Bankruptcy Court District of Vermont. On April 20, 2004, The Honorable Colleen A. Brown, U.S. Bankruptcy Judge, issued an Order Granting Motion for Dismissal of Chapter 11 Case.

Thereafter, Guadalupe again filed for bankruptcy. It did list the claim for legal malpractice in its schedule of assets for that petition. However, Judge Brown dismissed the bankruptcy as a bad faith filing.

On March 24, 2009, Guadalupe filed the instant legal malpractice action against Massucco. Guadalupe alleges that Massucco breached his duty of care and that the breach was the proximate cause of $200,000 in damages to Guadalupe.

Massucco now moves for summary judgment. He argues that because Guadalupe failed to list the malpractice claim in its bankruptcy schedule of assets, the claim did not revert back to Guadalupe upon dismissal of the bankruptcy. Massucco argues that Guadalupe lacks standing to bring the claim.

## DISCUSSION

Upon filing for bankruptcy, a debtor is required to list all the assets of its estate. 11 U.S.C. § 521(1). Assets include "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). Thus, an accrued claim for legal malpractice is required to be listed. When a bankruptcy action is closed, properly scheduled assets not otherwise administered revert to the debtor through abandonment. § 554(c). However, assets not properly scheduled, thus not abandoned or administered, remain property of the bankruptcy estate. § 554(d).

Massucco supports his argument by citing *Clark v. Trailiner Corp.*, 242 F.3d 388, 2000 WL 1694299 (10th Cir. 2000), a case in which a debtor who failed to schedule a cause of action against his employer in a bankruptcy proceeding later lacked standing to prosecute the action in his own name. The instant facts are distinguishable from *Clark* because in that case the bankruptcy estate was fully administered, the debtor was granted a discharge, and the case was closed. *Clark*, 2000 WL 1694299, at *1. Thus, the debtor's cause of action fell squarely under 11 U.S.C. § 554(d) and did not revert back upon discharge. *Id*. at *2.

Here, the bankruptcy court dismissed Guadalupe's bankruptcy. The distinction between *discharge* and *dismissal* is important because "a dismissal of a case . . . revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title." 11 U.S.C. § 349(b)(3). The purpose of § 349(b) is to "undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 338 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6294.

Massucco argues, however, that dismissal does not revest the legal malpractice claim in Guadalupe, citing *Kunica v. St. Jean Financial, Inc.*, 233 B.R. 46 (S.D.N.Y. 1999). In *Kunica*, a corporate Chapter 11 debtor failed to properly disclose claims in its schedule for breach of contract and promissory estoppel. *Id*. at 50-51. Following dismissal of the bankruptcy, the assignee of those claims attempted to bring them in federal district court. *Id*. at 52. The court granted summary judgment to the defendant,

4

holding that the assignee lacked standing from bringing those claims that were not properly scheduled by the corporate debtor. *Kunica*, 233 B.R. at 57.

In finding that the plaintiff lacked standing, the *Kunica* court recognized the consequences of dismissal under § 349(b) and the legislative history behind that section. *Id*. at 53. Yet, the court concluded that given the importance of disclosure in a bankruptcy proceeding, improperly scheduled assets should not revest in a party who's bankruptcy is dismissed under § 349, just as improperly scheduled assets would not be abandoned under §554 if the bankruptcy had been discharged. *Id*. at 54-55. The court held that a bankruptcy discharge is not a prerequisite to a finding that a debtor lacks standing to assert undisclosed claims post-bankruptcy. *Id*. at 55.

The *Kunica* decision is not binding upon this Court. Furthermore, its conclusions are not supported by statute or case law. The court's holding appears to fly in the face of the plain language of § 349(b). As the *Kunica* court stated, "[t]he parties do not cite and independent research has not revealed any authority dealing with the effects of dismissal on non-disclosed claims." 233 B.R. at 54. Thus, this Court does not find *Kunica* persuasive. Massuco's argument that Guadalupe lacks standing fails and he is not entitled to judgment as a matter of law.

## ORDER

Defendant's Motion for Summary Judgment, filed August 28, 2009, is DENIED.

Dated at Rutland, Vermont this _____ day of _____, 2010.

                                      _____
                                        Hon. William Cohen
                                        Superior Court Judge